1  EDWIN M. BONISKE, Bar No. 265701
   boniske@higgslaw.com
2  KYLE W. NAGEOTTE, Bar No. 285599
   nageottek@higgslaw.com
3  JAMIE M. RITTERBECK, Bar No. 286151
   ritterbeckj@higgslaw.com
4  HIGGS FLETCHER & MACK LLP
   401 West "A" Street, Suite 2600
5  San Diego, CA  92101-7913
   Telephone:   619.236.1551
6  Facsimile:    619.696.1410

7  Attorneys for Defendant
   KONE INC.
8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LUCCHESE, on behalf of the State of California, as a private attorney general,<br><br>Plaintiff,<br><br>v.<br><br>KONE INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 3:21-cv-00895<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1331, 1441 (a) & (c), AND 1446 (a), (b), & (d)**<br><br>**(FEDERAL QUESTION)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

PLEASE TAKE NOTICE that Defendant KONE INC. ("Defendant") hereby respectfully removes the above-entitled action from the Superior Court of the State of California for the County of San Francisco, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441 (a) & (c), and 1446 (a), (b), & (d).  The removal is based on federal question jurisdiction based on the following allegations.

/ / /

/ / /

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10058885.2

CASE NO. 3:21-CV-00895
NOTICE OF REMOVAL

# I.

# STATEMENT OF THE CASE

1. On November 16, 2020, Plaintiff Matthew Lucchese ("Lucchese") filed a lawsuit in the Superior Court of the State of California, County of San Francisco, entitled *Matthew Lucchese v. KONE, Inc., et al.*, Case No. CGC-20-588227. (Declaration of Edwin M. Boniske ("Boniske Decl."), at ¶ 4.)

2. In his "Representative Action Complaint," Lucchese asserted one cause of action for Civil Penalties Pursuant to Labor Code § 2699, *et seq.* ("PAGA") for violations of Labor Code §§ 201, 202, 203, 204 *et seq.*, 210, 226(a), 226.7, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B). PAGA is a form of aggregate litigation under the California Labor Code. It allows one employee to file a private action for civil penalties based on alleged underlying California Labor Code violations for himself and other similarly situated "aggrieved employees." If liability is established, a penalty may be assessed for each pay period in which Plaintiff establishes a violation occurred. A copy of Plaintiff's November 16, 2020 Representative Action Complaint is attached hereto as "**Exhibit A**."

3. Lucchese personally served the summons and Representative Action Complaint on Defendant's registered agent on January 6, 2021. (Boniske Decl., at ¶ 5.) A copy of the Summons, Civil Case Cover Sheet, Notice to Plaintiff re Case Management Conference, San Francisco Superior Court ADR Information Package, and a blank Stipulation to Alternative Dispute Resolution (constituting all documents served on Defendant together with the PAGA Complaint) are attached to this Notice of Removal as "**Exhibit B**."

4. On February 3, 2021, Defendant answered Plaintiff's Representative Action Complaint in the Superior Court of the State of California, County of San Francisco. (Boniske Decl., at ¶ 6.) A copy of Defendant's Answer to the Representative Action Complaint, as filed, is attached to this Notice of Removal as "**Exhibit C**."

5. In accordance with 28 U.S.C. section 1446(a), the documents attached hereto as Exhibit A [Representative Action Complaint], Exhibit B [Summons and Service Documents],

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

10058885.2

2

CASE NO. 3:21-CV-00895
NOTICE OF REMOVAL

Exhibit C [Answer] constitute all process, pleadings and orders served by or upon Defendant in the action. (Boniske Decl., at ¶ 7.)

## II.

## **TIMELINESS OF REMOVAL**

6.  A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Where the deadline falls on a weekend, it is extended to the next day that is not a weekend or holiday. FED. R. CIV. P. 6(a)(1).

7.  In this case, Defendant was served with Summons and Complaint on January 6, 2021. The thirty-day statutory period therefore falls on February 5, 2021, and this Notice of Removal was timely filed. See 28 U.S.C. § 1446(b).

8.  To Defendant's knowledge, no fictitious "Doe" have been identified or served in this action. As such, their consent to this removal is not required.

## III.

## **BASIS FOR REMOVAL**

**A.  Federal Question (LRMA Preemption).**

9.  This Court has original jurisdiction under 28 U.S.C section 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action that presents a federal question. As set forth below, this case meets all of Section 1331's requirements for removal and is properly removed by the filing of this Notice.

10.  Each of the claims in this action are founded directly on rights created by the applicable CBA between Defendant and the International Union of Elevator Contractors ("IUEC"). A copy of the applicable CBA between Defendant and the IUEC is attached hereto as "**Exhibit D**." Accordingly, the proper interpretation of these claims would substantially depend on an in-depth analysis of the CBA's terms.

11.  Plaintiff, and the vast majority of the putative class members, are members of the IUEC and subject to the CBA and its terms. Accordingly, every cause of action in Plaintiff's

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10058885.2

3

CASE NO. 3:21-CV-00895
NOTICE OF REMOVAL

PAGA Complaint are preempted by Section 301 of the LMRA.

12. This action falls within the District Court's original jurisdiction under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

13. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. 1441(b) in that the relief sought in the PAGA Complaint by Plaintiff, on behalf of himself and all putative class members they seek to represent, arises under and is completely preempted by Section 301 of the LMRA. (29 U.S.C. § 185), which states: "Suits for violation of [collective bargaining agreements] . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

14. At all relevant times, Defendant has been, and is, a corporation engaged in commerce and in an industry affecting commerce, and has been, and is, engaged in the provision of construction, repair, and modernization work at various facilities, including facilities designed and operated directly for interstate commerce, including airports.

15. At all relevant times, IUEC has been, and is a labor organization in which Plaintiff and the vast majority of other employees of Defendant participate and which exists for the purpose of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work. At all relevant times, IUEC has been, and is a labor organization within the meaning of Section 2(5) and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

16. At all relevant times, the CBA has been and is the contract between an employer and a labor organization within the meaning of Section 301(a) of the LMRA. (29 U.S.C. § 185(a).)

17. Each of Plaintiff's claims in the PAGA Complaint a detailed analysis of the CBA in that the CBA governs hour of work, regular and overtime compensation, breaks, and various other conditions of employment that tie directly to the alleged violations of California law asserted in the action.

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10058885.2

4

CASE NO. 3:21-CV-00895
NOTICE OF REMOVAL

18.     Further, the promotion of extra-judicial dispute resolution is another purpose of § 301 preemption. Here, the CBA between the parties specifically recognizes the duty of the Parties to the CBA to grieve any dispute pursuant to its terms. Therefore, interpretation of this language of the Agreement will similarly be necessary to analyze Plaintiff's claims in this case. Accordingly, this case is preempted by Section 301 of the LMRA.

**B.     Supplemental Jurisdiction.**

19.     To the extent that there are remaining claims for relief that do not arise under Federal law or are not completely preempted by Section 301 (including, among other things, any claims by the small percentage of non-union putative class members), these claims are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a) in that they are so related to the Section 301 claims that they form part of the same case or controversy under Article III of the United States Constitution. In the alternative, any such other claims for relief are separate and independent claims which are properly removable to this Court pursuant to 28 U.S.C. § 1441(c).

### III.

### ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

20.     Plaintiff originally filed his PAGA Complaint in the Superior Court of California, County of San Francisco, which is located within the United States District Court for the Northern District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a), as it is the "district and division embracing the place where such action is pending." See 28 U.S.C. § 114(a).

21.     Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal of this action to all parties and is filing a copy of that notice with the Superior Court of California, County of San Francisco. True and correct copies of the notice to Plaintiff and to the state court shall be filed promptly.

### III.

### CONCLUSION

22.     Wherefore, Defendant prays that the above-entitled action now pending against it in the Superior Court of California, County of San Francisco, be removed to this Court.

DATED: February 4, 2021

HIGGS FLETCHER & MACK LLP

By: */s/ Edwin M. Boniske*
    EDWIN M. BONISKE, ESQ.
    KYLE W. NAGEOTTE, ESQ.
    JAMIE M. RITTERBECK, ESQ.

Attorneys for Defendant KONE INC.

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

10058885.2

6

CASE NO. 3:21-CV-00895
NOTICE OF REMOVAL